# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RUTH HEYL,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

3:09-CV-00249-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

February 26, 2010

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for reversal of the commissioner's decision (#11). Defendant opposed and filed a cross-motion for summary judgment (#s 12, 13). For the reasons set forth below, the court recommends that defendant's cross motion for summary judgment (#13) be granted.

## I. ADMINISTRATIVE PROCEEDINGS

On October 20, 2004, plaintiff Ruth A. Heyl ("plaintiff") filed an application for disability insurance benefits under Title II of the Social Security Act (AR 47-51).[1] Plaintiff alleges disability based on status post transient ischemic attacks, with mild dementia secondary to subclinical infarcts (AR 17). Plaintiff's claim was denied initially and on reconsideration (AR 38). On March 21, 2007, a hearing was held before Administrative Law Judge ("ALJ") Sandra K. Rogers, at which Dennis Cameron, attorney at law represented plaintiff (AR 15-21 (opinion); AR 398-415 (transcript)). The ALJ filed a written opinion on June 13, 2007, in which she upheld the denial of plaintiff's claim (AR 15-21). Plaintiff requested administrative review, and the Appeals Council denied review on March 19, 2009, making the ALJ's decision final (AR 6-8). Having exhausted all administrative remedies,

---

    [1]    AR indicates the relevant page in the administrative record.

plaintiff filed a complaint for judicial review on May 14, 2009 (#1).

## II. BACKGROUND

Plaintiff was born on August 11, 1944, and was sixty-two years old at the time of the hearing (AR 15, 398). Plaintiff completed high school and one year of college, and her past relevant work includes experience as a farm operations accountant and an accounting clerk. *Id.* Plaintiff alleges that she became disabled on October 1, 2003 (AR 15, 47). The ALJ found the plaintiff "not disabled" because she found plaintiff retained the residual functioning capacity to perform a wide range of sedentary and light work (AR 19). Specifically, the ALJ made the following findings:

1. The claimant meets the Title II disability insured status requirements of the Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity at anytime relevant to this decision (20 CFR 404.1520(b)). The claimant applied for Social Security retirement benefits and became entitled as of September 2006.

3. The claimant has the following severe impairments: status post transient ischemic attacks, with mild dementia secondary to subclinical infarcts. The claimant has other medical problems which are not severe. These include mild anxiety, foot pain status post bunionectomy and osteotomy, obesity and occasional stress incontinence.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 404.1525).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of sedentary and light work.

6. The claimant is capable of performing past relevant work as an accounting clerk or agricultural accountant.

7. Accordingly, the claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f)).

(AR 15-21).

## III. STANDARD OF REVIEW

The court must uphold the decision of an administrative law judge if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in

the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), *citing Smolen*, 80 F.3d at 1279. "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted). The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The Social Security Administration defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot ... engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to the Social Security Act, the Secretary has adopted regulations which establish a formalized, five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Administrative Law Judge considers: (1) whether the person is engaging in substantial gainful activity; (2) the severity of the alleged impairment; (3) whether the impairment meets or equals a listed impairment and meets the duration requirement; (4) whether the individual is capable of doing work he or she has done in the past; and (5) whether the impairment prevents the person from doing any other work. *Id.* If at any point in the five-step inquiry it is determined that a claimant is or is not disabled, further review is unnecessary.

## IV. ANALYSIS

Plaintiff argues that the ALJ committed legal error in discrediting plaintiff's testimony (#11,

1  pp. 4-7). Defendant's position is that the ALJ made specific credibility findings that were supported
2  by the record (#13, pp. 4-10).

3  **A.     ALJ's Discrediting of Plaintiff's Testimony**

4        The ALJ must evaluate the credibility of a claimant's testimony regarding subjective pain in
5  a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ
6  must determine whether the claimant has presented present objective medical evidence of an
7  underlying impairment which could reasonably be expected to produce the pain or other symptoms
8  alleged." *Id.* at 1036. If the claimant meets the first test and there is no evidence of malingering, the
9  ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives
10 'specific, clear and convincing reasons' for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th
11 Cir. 2009) (quoting *Lingenfelter*, 504 F.3d at 1036)). "These findings, properly supported by the
12 record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected
13 the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's
14 testimony regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).

15       "Factors that the adjudicator may consider when making such a determination include the
16 claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any
17 pain medication, and relevant character evidence." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir.
18 1995). "[L]ack of medical evidence . . . is a factor that the ALJ can consider in his credibility
19 analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). However, "[t]he fact that a
20 claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is
21 not a clear and convincing reason for rejecting it." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir.
22 2001), *citing Smolen*, 80 F.3d at 1285. The causal relationship between the objective evidence of
23 medical impairment and the claimant's complaints need only be a "reasonable inference," not a
24 "medically proven phenomenon." *See Smolen*, 80 F.3d at 1282.

25       In this case, the ALJ offered sufficiently specific reasons for discrediting plaintiff's subjective
26 complaints. The ALJ pointed to the inconsistencies in plaintiff's statements to discredit her
27 testimony. For example, plaintiff noted that she "retired" from her past employment (AR 59), only
28 then to testify that she left the job because it was too demanding (AR 399). The ALJ used the lack

4

of objective medical evidence as a factor to reveal that treatment records were not consistent with plaintiff's statements of the level of symptoms or dysfunction. The ALJ noted that a physician's 2006 assessment of plaintiff revealed that plaintiff tended to attribute much greater severity to her perceived cognitive problems than any testing or other evaluation would suggest (AR 20). In addition, the ALJ also noted that plaintiff's daily activities, which included exercise classes, preparation of meals, shopping, and driving herself to and from appointments, were inconsistent with her complaints of severe functional deterioration. *Id.*

Although the evidence may offer a possible interpretation in favor of plaintiff, the ALJ's interpretation is rational, and the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch*, 400 F.3d at 680-81. Therefore, the court finds that the ALJ did not commit legal error, and substantial evidence support his conclusion that plaintiff is not disabled.

### V. CONCLUSION

Based on the foregoing, the court concludes that the ALJ's discrediting of plaintiff's testimony was supported by clear and convincing reasons and recommends that plaintiff's motion for reversal (#11) be **DENIED** and defendant's cross motion for summary judgment (#13) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

///

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for reversal (#11) be **DENIED** and defendant's cross-motion for summary judgment (#13) be **GRANTED**.

**DATED:** February 26, 2010.

*Valerie P. Cooke*

_____
**UNITED STATES MAGISTRATE JUDGE**